## MARGER, et ux v. AL'S AUTOMOTIVE SERVICE, Inc.

Civil Court of Record, Dade County.

July 15, 1954.

Leonard Rivkind, Miami Beach, for plaintiffs.

Gershon S. Miller, Miami Beach, for defendant.

DAVID J. HEFFERNAN, Judge.

Plaintiff husband took his wife's car to defendant corporation's shop for repairs; the corporation's agents gave him an oral estimate of the cost thereof but when he returned for it he was pre-

sented a bill in a much larger amount. After disputing the amount plaintiff wrote a check for the exact sum demanded but wrote across the face of it—"paid under protest." When he offered the check the cashier called the service manager who handed it back to him, saying—"We can't accept a check issued under protest." Declining to write another check, plaintiff demanded the car but it was refused. Plaintiff and his wife then brought this action in trover.

Defendant moves for a summary judgment dismissing the complaint, plaintiffs move for a summary judgment on the issue of defendant's liability.

The facts as above stated are not disputed, the pleadings and affidavits filed in support of the motions disclose further that the defendant ordinarily accepts checks from local customers and in previous transactions accepted plaintiff's checks—making the conclusion inescapable that the *only* reason it refused the check was the fact that across it was written—"paid under protest."

It is fundamental that a lien is discharged not only by actual payment of the debt due the lienor, but also by the tender to him by the debtor of the amount of the lawful charges against the bailment. If the lienor refuses such tender he may be sued in trover for a conversion, or in replevin.

Two questions must be answered. First, can a valid tender be made by check? Second, assuming it can, is an otherwise valid tender rendered invalid because it is made under protest?

Ordinarily money is the only legal tender and a check is insufficient. 40 Am. Jur., p. 739, sec. 40. But there is an exception— a creditor may waive his objection to the form and quality of a tender and is generally deemed to have made such waiver when he objects to the check *not because it is a check* but for some other reason. Anno. 23 A.L.R. 1288; Anno. 51 A.L.R. 395; 26 R.C.L., p. 629, sec. 628.

Thus in Stevens v. Hines (Cal. App.), 218 Pac. 57, a debtor tendered a check which was refused because it was "post dated" to the date when an interest payment became due. The court held the person refusing the check had waived his objection to the form and quality of the tender, saying at page 59—"It is well settled as a general proposition that, where a tender by check is made and refused on grounds other than that it does not constitute an offer of lawful money, the person so refusing will be held to have waived the objection as to the form of tender."

In the case at bar it is clear that the defendant corporation waived its objection to the *form* of the tender, its agent, the service

manager, did not tell plaintiff it would not take the check *because it was a check* but it was refused because "paid under protest" was written across it.

With respect to the second question—an otherwise valid tender is not rendered invalid because it is made under protest. 52 Am. Jur., p. 231, sec. 24; 62 C. J., p. 676, sec. 46. A creditor in no way prejudices his rights when he accepts a payment made under protest. A debtor who fails to protest may be deemed in law to have made a voluntary payment—and find himself precluded from bringing suit to recover what he in good faith believes to be an illegal exaction.

This principle of law is expounded by Hunt in his treatise on Tender, quoted in Jaynes v. Heron (N.M.), 13 Pac. 2d 29, at page 34—" 'There are cases when a tender under protest would be peculiarly appropriate, and a means to attain justice, as where a party must pay a sum of money by a certain time to save a forfeiture, or to avoid a penalty, and the amount due is peculiarly within the knowledge of the other party, or the sum demanded contains items which he, in good faith, thinks is not a legal claim; and, *where a party must pay a sum demanded to get possession of certain property,* where it would be a hardship and hazardous to tender a less sum and evoke the aid of the law to obtain the possession.' " (Italics added.)

I hold that when plaintiff offered the check he made a valid tender, and that when defendant refused it and failed to return the car, it converted the car, for which it must respond in damages.

It is ordered that defendant's motion for summary judgment be and it is denied, that plaintiffs' motion for summary judgment, on the issue of liability for conversion, be and it is granted.